DANIEL HYDE, Plaintiff in Error, *v.* DANIEL F. PRYOR, Defendant in Error.

### AGREED CASE FROM POPE.

Under the estray laws, a party who has not given the required notice, cannot acquire the property, by lapse of time or continued possession.

Nor can such a party recover the property by an action of trover, from another, to whom it has escaped, and who has advertised as the law requires.

One who retains estrays, without giving notice as the law directs, is a tortfeazor.

THIS case was submitted upon the following agreement:

It is agreed, in this case, that the evidence showed, that an estray horse came to the possession of Pryor, where it remained

more than a year, without being posted and advertised. That without having been posted and advertised, the horse escaped from Pryor's possession, and went upon the premises occupied by Hyde, who knew that the horse had been and was in the possession of Pryor up to the time of his escape, and that Pryor had not posted and advertised him. That Pryor demanded the horse of Hyde, and that Hyde refused to give him up, because the horse was an estray when he came into the possession of Hyde, and Pryor had not posted or advertised the horse, although he had been in his possession more than a year. Hyde posted and advertised the horse immediately after he came into his possession, though not before Pryor demanded the horse. The Circuit Court gave judgment, the case having been submitted to the judge (Denning presiding,) for Pryor. Was not this judgment erroneous?

The cause was heard at May Term, 1850, of the Pope Circuit Court. The action was for trover and conversion.

J. G. C. DAVIS, for Hyde,

Cited 1 Chitty's Pl. 170, 183; 7 Cowen, 328; 14 Johnson's Rep. 132; Rev. Stats. p. 227, Title Estrays, § 1, 11.

W. SLOAN, for Pryor.

CATON, J. The animal, for the conversion of which the action was brought, was taken up as an estray, and retained by the plaintiff below, for more than a year, without his having posted and advertised it, as the laws required. It then escaped from the plaintiff, and went upon the premises of the defendant, who took it up, and advertised it as an estray; but previous to the advertisement, the plaintiff demanded the animal of the defendant, who refused to surrender it. In this he was perfectly justified. By neglecting to advertise the estray, the plaintiff not only acted in violation of law, but became liable to a penalty imposed by the statute. Sec. 16, chap. 39, Rev. Stats.

The eleventh section of that chapter provides, that "if no owner appear and prove his property, within one year after the

publication is made, the property shall be vested in the taker-up."
But in this case, the plaintiff had never made the publication,
and without that, no lapse of time or continued possession
could vest the property in him. He neglected an important
duty imposed by the laws, which was, to notify the owner of
the property, that it was in his possession; and, after such neg-
lect, his possession became tortious. To hold, that he could
acquire a title to the property by his illegal act, would be offer-
ing a premium for the violation of the laws. The defendant did
no more than his duty, by taking up the estrays and advertising
them, that the owner might recover his property.

Let the judgment be reversed with costs.

*Judgment reversed.*