### MATTHEW McMILLAN

*v.*

### JOHN ANDREW.

ESTRAYS—*advertisement of—duty of taker-up of.* The title to an estray does not vest in the taker-up, unless he has complied with all the material requirements of the statute, among which the posting and advertising are especially important. A mistake in the name of the taker-up is a fatal defect in the advertisement of estrays, where the notice fails to so describe the locality as will enable the owner to find his property. He should see to it that publication is properly made, if he would acquire title to the estray.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. J. B. UNDERWOOD and Mr. JOHN MICHAN, for the appellant.

Mr. H. K. S. O'MELVENY, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

In this case, the appellee, who was defendant below, claimed title to the mare in controversy under the statute of estrays. In order to prove the advertisement required by the statute, he offered in evidence a copy of a notice in which the mare is described as taken up by John Anderson, whereas she was taken up by John Andrew. The title to an estray does not vest in the taker-up, unless he has complied with all the material requirements of the statute, among which the posting and advertising are especially important. *Hyde* v. *Prior*, 13 Ill. 64. The mistake in the name, in this case, was a fatal defect, since the notice failed to give the owner correct information as to the person to whom he should apply for his property, and did not state in what county such person resided, but only described his locality as " about $3\frac{1}{2}$ miles from Coulter's Mill, on the Pinckneyville road, Athens precinct." It appears this was in St. Clair county, but unless the owner happened to live in the same neighborhood such a description would give him very little idea of the place where he was to seek his property. It thus appears there was nothing in the notice that would cure the mistake in the name of the taker-up, and, if seen by the owner, it would not have given such information as the statute intended should be furnished.

It is said, however, that this was an error of the clerk or justice in preparing the advertisement, for which the person taking up the estray ought not to suffer. It may be true he ought not to suffer, but, on the other hand, the owner ought not to lose his property, and cannot lose it, by this proceeding, unless the material requirements of the statute intended for his protection have been obeyed, no matter to whom the disobedience is chargeable. The law imputes no fault to the owner because his horse strays away, and deprives him of his title only upon certain conditions, one of which is the publication of a notice which, if seen by him, will inform him where he may recover his property. The cases of *Harlow* v. *Berger*,

30 Ill. 429, and *Merrick* v. *Wallace*, 19 ib. 499, cited by appellee's counsel, do not sustain his position, as they only decide that a person who had become the owner of property by a valid deed does. not lose his title through an error of a recorder. But here the person taking up the property had not acquired the title, and if he desired to acquire it, he should have seen that the publication was properly made. We can well hold that the owner of property does not lose his title by the mis-take of an officer, as was held in the above cases, but we cannot hold that a stranger may acquire title, in a proceeding of this character, in spite of any mistakes of officers.

We hold this advertisement to have been fatally defective, and as the circuit court, in its instructions to the jury, took a different view, the judgment must be reversed.

*Judgment reversed.*